## JOHN HOBBS *vs.* DANE MANUFACTURING COMPANY.

The insolvency of a plaintiff and the refusal or omission of the assignee of his estate to come in and prosecute the suit cannot be taken advantage of by a motion to dismiss; especially by one whose only relation to the case is that of a stockholder in a defendant corporation.

CONTRACT brought in this court against a manufacturing corporation to recover the balance of an account annexed. Augustine Heard was summoned as a stockholder. The defendant corporation appeared and pleaded to the merits, and afterwards the plaintiff went into insolvency and an assignee was duly appointed, to whom an assignment of the plaintiff's estate was executed, and notice was issued to him to appear and prosecute the suit, but he did not do so. Heard then moved that the action be dismissed; and this question was reserved by *Metcalf,* J. for the determination of the whole court. The plaintiff agreed to the truth of the above facts, without waiving his right to object that they could not be taken advantage of on a motion to dismiss.

*J. C. Perkins,* for the plaintiff.

*S. H. Phillips,* for Heard.

BIGELOW, C. J. The motion to dismiss this action must be overruled. There is nothing on the record which shows any defect in the writ or other proceedings on which to found such a motion. On the contrary, the writ is in due form, the service is regular, and the court has jurisdiction of the parties and the subject matter of the suit. As a motion to dismiss must always be founded on matter apparent on the record, it would seem to be clear that it cannot be supported in the present case.

Besides; a person summoned as a stockholder in a manufacturing corporation in a suit to recover a corporate debt cannot appear and plead to the merits, or make any defence which goes to defeat the action as between the original parties. *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 576, 582. His defence must be confined to matters which tend to show that he is not liable as a stockholder for the debts of the corporation.

49 *

The motion to dismiss, therefore, was rightly overruled, having been made in behalf of a person who had no right to ask that the action should be defeated as between the plaintiff and the defendants.

Whether the stockholder who is summoned in this action can avail himself of the matter set out in the agreed statement, to avoid his liability on execution, and if so in what form he can properly bring the facts before the court, are questions which we have not considered, because they do not arise on the case as now presented, and have not been spoken to by counsel.

*Motion to dismiss overruled.*